IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

      Plaintiff,

v.                                                   No. 1:22-cv-00414-KK

NEW MEXICO STATE POLICE,

      Defendant.

**ORDER TO CURE DEFICIENCY AND ORDER FOR AMENDED COMPLAINT**

Plaintiff, *who is proceeding pro se*, sent a two-page letter addressed to Chief United States District Judge William P. Johnson, along with 26 pages of other documents, which was filed as a "Complaint." *See* Doc. 1, filed May 31, 2022. The Complaint states that Defendant New Mexico State Police "have on file, today, an utterly false police report written about me. They violate their own policies and procedures in that they refuse to correct it." Complaint at 1.

Plaintiff has not paid the $402.00 fee[1] for instituting a civil action or filed an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Application"). Plaintiff shall have twenty-one (21) days from entry of this Order to either pay the $402.00 fee or file an Application. Any papers that Plaintiff files in response to this Order must include the civil cause number (No. 1:22-cv-00414-KK) of this case.

This case should be dismissed because the Complaint fails to state a claim upon which relief can be granted against Defendant New Mexico State Police. Plaintiff fails to state with particularity what Defendant New Mexico State Police did to Plaintiff, when the Defendant New Mexico State Police committed those actions, how those actions harmed Plaintiff and what

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

specific legal right Plaintiff believes Defendant New Mexico State Police violated.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

It is not clear whether Plaintiff is asserting claims against "Secretary Jason Bowie, NM Department of Public Safety."  Plaintiff states "For Memorial Day I placed the issues squarely before Secretary Bowie in the enclosed letter." *See* Complaint at 1.  A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court will not comb through Plaintiff's 25-page letter to Secretary Bowie to determine whether it states a claim.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record").

It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*,

859 F.2d 842, 843 (10th Cir.1988).  The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).

It is not clear what relief Plaintiff seeks.  *See* Fed. R. Civ. P. 8(a)(c) (a complaint must contain "a demand for the relief sought").  Plaintiff states: "Hopefully you will encourage Secretary Bowie to 'clean up the mess,' in the State Police, to use Governor Lujan-Grisham's admonishment, and ensure that the truth really does matter in their police reports."  Complaint at 2.  The Complaint also does not state Plaintiff's claims in numbered paragraphs as required by Fed. R. Civ. P. 10(b).

The Court notifies Plaintiff that:

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

**IT IS ORDERED** that:

(i) Within twenty-one (21) days of entry of this Order, Plaintiff shall either pay the $402.00 fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."  Failure to timely pay the fee or file an Application may result in dismissal of this case.

(ii) The Clerk shall send to Plaintiff, together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

(iii)   Within twenty-one (21) days of entry of this Order, Plaintiff shall file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

                                                                            _____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**