IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PAUL JONES,

    Plaintiff,

v.                                                                                                             No. 1:22-cv-00414-KK

NEW MEXICO STATE POLICE,

    Defendant.

## ORDER REGARDING COMMUNICATIONS WITH THE COURT

On June 2, 2022, Plaintiff, who currently receives notification of filing in the Court's CM/ECF system via email and PACER ("Public Access to Court Electronic Records"), sent an email to the undersigned's Chambers stating: (i) he disputes PACER's charges; (ii) PACER will not provide the documents until Plaintiff pays the disputed charges; (iii) asks the Court to "tell PACER to drop their erroneous charges and/or allow me to establish a new account for this case;" and (iii) "failing that, you could simply email me all the court documents directly." Plaintiff's email is attached to this Order.

**Communications with the Court**

The Court notifies Plaintiff that if he seeks relief from the Court or otherwise wishes to communicate with the Court, he must file a motion or other appropriate document with the Clerk of Court. Plaintiff shall not send such documents to the undersigned's Chambers.

Parties may not file documents by sending them to the undersigned or her chambers; documents to be filed must be either mailed or delivered in person to the Clerk of Court. Any documents sent to the undersigned or her chambers for filing in this case will not be filed.

> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using

> the address for the division [Albuquerque, Las Cruces or Santa Fe] where the subject case has been assigned.

Guide for Pro Se Litigants at 5 (providing the Albuquerque, Las Cruces and Santa Fe addresses).

The Court also notifies Plaintiff of the following regarding communications with the Court:

> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff.  *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.
>
> Any communication between the assigned judge and a *pro se* litigant should be in writing, and a copy of the communication should be sent to the opposing party or, if represented, to that party's attorney.  The letter to the judge should indicate that a copy has been sent to the opposing party.  Telephone or personal contact with the judge's staff should be limited to specific scheduling inquiries.

Guide for Pro Se Litigants at 11-12.

The Court notifies Plaintiff that if he ignores Court Orders, continues to improperly send documents to the undersigned or her chambers, or improperly communicates with the Court *ex parte*, the Court may impose filing restrictions and other sanctions to deter such improper behavior.

**Plaintiff's Dispute with PACER**

The Court denies Plaintiff's request that the Court order PACER to drop their erroneous charges and/or allow Plaintiff to establish a new account.  PACER, which is a service to provide access to court records, is administered by the Administrative Office of the United States Courts in accordance with legislative and Judiciary policies.  PACER is not administered by the District of New Mexico and the undersigned does not have authority to direct the Administrative Office of the United States Courts in its administration of PACER.  Consequently, any relief Plaintiff

seeks regarding the disputed PACER charges must be obtained through PACER and/or the Administrative Office of the United States Courts.

**Pro Se Notification of Filing**

Plaintiff currently receives notification of filing via email. *Pro se* parties that elect to receive notification of filing via email must secure and maintain a PACER account. Upon receipt of a Notice of Electronic Filing, the recipient will have one opportunity to review, save, and print the document without incurring any PACER fees. Because Plaintiff has stated that he is currently unable to review and save documents via PACER, the Court orders the Clerk to terminate Plaintiff's electronic noticing and to provide Plaintiff notices of filing via postal mail to his address of record on the docket. The Court reminds Plaintiff of his "continuing duty to notify the Clerk, in writing, of any change in ... mailing addresses, telephone numbers, facsimile numbers, or electronic addresses." D.N.M.LR-Civ. 83.6.

Plaintiff may file a CM/ECF Pro Se Notification Form if he wishes to receive notification via email/PACER. If Plaintiff chooses to receive notification via email/PACER, he must maintain his PACER account. Denial of access to Court documents via PACER will not excuse Plaintiff's failure to timely respond to Court Orders and other deadlines imposed by the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure because Plaintiff can have access to Court documents via postal notification.

    **IT IS ORDERED** that:

(i)     Plaintiff shall comply with the directions given above regarding communications with the Court.

(ii)     The Clerk shall terminate Plaintiff's electronic noticing and provide Plaintiff notices of filing via postal mail to his address of record on the docket.

(iii)    The Clerk shall mail to Plaintiff, along with a copy of this Order, the Court's Order to Cure Deficiency and Order for Amended Complaint, Doc. 3, filed June 2, 2022.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**

**From:** John Jones <abutaza@gmail.com>
**Sent:** Thursday, June 2, 2022 4:53 PM
**To:** NMDdb_Proposed Text Khalsa <khalsaproposedtext@nmd.uscourts.gov>
**Subject:** 1:22-cv-00414-KK Access to Case Information, including orders....


Judge Khalsa -

There remains a serious problem with the Pacer system, and their accountability for charges.

I am unable to access any of the information in this case because Pacer wants me to pay them $20 plus. Their charges are erroneous. I have consistently accessed the account once, and downloaded the document, as I should be able to do, for free. I have asked them to document when I have done anything different. They have been unable to. They simply demand the money, and if I do not meet their demands, they refuse to let me see the documents, including your order of today.

I see two possible solutions. You should be able to tell Pacer to drop their erroneous charges and/or allow me to establish a new account for this case.

Failing that, you could simply email me all the court documents directly, with a copy to Pacer. Simply emailing documents directly is done with the NM State Courts, the Merit System Protection Board and the EEOC. There is no Pacer demanding money.

I strongly prefer to have digital copies, both for the speed of delivery and the retrievability of the information.

Today's mail has been delivered at my home. Yesterday's documents were not delivered.

Thank you for your favorable consideration of this request.

John Paul Jones