**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN PAUL JONES III,

     Plaintiff,

vs.                                      No. CIV 22-0414 JB/KK

NEW MEXICO STATE POLICE and
SECRETARY BOWIE,

     Defendants.

<u>**MEMORANDUM OPINION AND ORDER OF DISMISSAL**</u>

**THIS MATTER** comes before the Court, under rule 12(b)(1) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Response to Order to Cure Deficiency and to Amend Complaint, filed June 10, 2022 (Doc. 6)("Response"); (ii) the Motion for Summary Judgment, filed July 25, 2022 (Doc. 21); and (iii) the Renewed Request for a Meeting as well as the Determination of Service, filed August 26, 2022 (Doc. 25)("Request for Meeting"). Plaintiff John Paul Jones III appears pro se. For the reasons stated out below, the Court will: (i) dismiss the claims against Defendant New Mexico State Police for lack of subject-matter jurisdiction; (ii) to the extent that Jones states claims against New Mexico State Police employees, dismiss those claims without prejudice; (iii) dismiss the claims against Defendant Secretary Bowie for failure to state a claim; (iv) deny Jones' Motion for Summary Judgment; and (v) deny Jones' Request for Meeting.

<u>**PROCEDURAL BACKGROUND**</u>

Jones sent a letter to the Honorable William P. Johnson, Chief United States District Judge for the United States District Court for the District of New Mexico, which the Clerk's Office filed

as a complaint.  See Letter from John Paul Jones III to Chief Judge William P. Johnson (dated May

25, 2022), filed May 31, 2022 (Doc. 1)("Complaint").  Jones states, among other things:

> The New Mexico State Police have on file, today, an utterly false police report
> written about me.  They violate their own policies and procedures in that they refuse
> to correct it . . . .  For Memorial Day I placed the issues squarely before Secretary
> Bowie in the enclosed letter . . . .  Hopefully you will encourage Secretary Bowie
> to "clean up the mess," in the State Police, to use Governor Lujan-Grisham's
> admonishment, and ensure that the truth really does matter in their police reports.

Complaint at 1-2.  The Honorable Kirtan Khalsa, United States Magistrate Judge for the United

States District Court for the District of New Mexico, notifies Jones:

> This case should be dismissed because the Complaint fails to state a claim
> upon which relief can be granted against Defendant New Mexico State Police.
> Plaintiff fails to state with particularity what Defendant New Mexico State Police
> did to Plaintiff, when the Defendant New Mexico State Police committed those
> actions, how those actions harmed Plaintiff and what specific legal right Plaintiff
> believes Defendant New Mexico State Police violated.  *See Nasious v. Two
> Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158,
> 1163 (10th Cir. 2007)("[T]o state a claim in federal court, a complaint must explain
> what each defendant did to him or her; when the defendant did it; how the
> defendant's action harmed him or her; and, what specific legal right the plaintiff
> believes the defendant violated.").
>
> It is not clear whether Plaintiff is asserting claims against "Secretary Jason
> Bowie, NM Department of Public Safety."  Plaintiff states "For Memorial Day I
> placed the issues squarely before Secretary Bowie in the enclosed letter."  *See*
> Complaint at 1.  A complaint must "give the defendant fair notice of what the . . .
> claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550
> U.S. 544, 555 (2007).  The Court will not comb through Plaintiff's 25-page letter
> to Secretary Bowie to determine whether it states a claim.  *See Garrett v. Selby
> Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)("the court cannot
> take on the responsibility of serving as the litigant's attorney in constructing
> arguments and searching the record").
>
> It appears the Court should dismiss this case because Complaint does not
> show that Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3)("If
> the court determines at any time that it lacks subject-matter jurisdiction, the court
> must dismiss the action").  As the party seeking to invoke the jurisdiction of this
> Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See*

> *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013)("Since federal courts are
> courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate
> showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d
> 388 *2 (10th Cir. 2000)("even if the parties do not raise the question themselves, it
> is our duty to address the apparent lack of jurisdiction sua sponte")(quoting *Tuck v.
> United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988). The Complaint does
> not contain "a short and plain statement of the grounds for the court's jurisdiction"
> as required by Fed. R. Civ. P. 8(a)(1).

Order to Cure Deficiency and Order for Amended Complaint at 1-2, filed June 2, 2022 (Doc.

3)("Order"). Magistrate Judge Khalsa also notifies Jones that the Complaint does not indicate

clearly the relief that Jones seeks. See Complaint at 3. Magistrate Judge Khalsa ordered Jones to

file an amended complaint. See Complaint at 4.

The Court construes Jones' Response to Magistrate Judge Khalsa's Order as an amended

complaint, because it contains: (i) a statement regarding the Court's jurisdiction; (ii) a statement

of Jones' claims; and (iii) a demand for relief. See Response at 3-8. It appears that Jones may be

asserting claims against Janice Madrid and other employees of the New Mexico State Police:

> As the hard evidence will indicate, which is the recording of the session that
> Plaintiff obtained from the NMSP due to his FOIA request, Ms. Madrid made the
> official determination that Plaintiff had written "threatening" letters, while
> admitting she had never read even one of the letters but nonetheless placed the
> Plaintiff under orders not to write any more letters, which is a grievous violation of
> the Plaintiffs First Amendment Rights . . . . Her order to not write any letters is in
> effect, todav, as confirmed by Captain Schum 18 months ago, and as confirmed by
> the NMSP senior leadership by their refusal to lift her order.
>
> Ms. Madrid completed a carefully crafted **false** police report on the
> Plaintiff. That police report, which includes the three plus hour recording of
> the session in the Federal Courthouse, provides very strong evidence of violations
> of 42 U.S.C § 1985 a conspiracy to interfere with Plaintiff's civil rights in particular
> those provided by the 5th and 14th Amendments in regards to "due process."

Response at 6 (emphasis in original). Regarding jurisdiction, Jones states:

> The Court has original jurisdiction in the instant case based on 28 U.S.C
> § 1343, which provides a Plaintiff the right to seek redress for the deprivation of

any right secured by the Constitution of the United States. Further, the Court has jurisdiction under 42 U.S.C § 1985 due to the conspiracy to interfere with Plaintiffs civil rights, in particular under section (2) involving obstructing justice and intimidating the Plaintiff for peacefully seeking redress for the serious injuries incurred.  Further, it should be underscored that the Defendant sought to also intimidate the Plaintiffs wife and children.

The Court also has jurisdiction due to the Act of Congress, the Uniformed Service Employment and Reemployment Rights Act (USERRA), specifically §4301(a)(3) and as further defined by §4311(b)(11). Since the Plaintiff has never been convicted, nor even charged with a felony or a misdemeanor, nor has he even had a moving traffic violation in his life, the decision was made to target his required national service on behalf of the United States in combat more than half a century ago. The NMSP report on the Plaintiff reeks of the worst kinds of bigotry against US combat veterans.

Response at 3-4.  Jones subsequently filed a Motion for Summary Judgment "against the New Mexico State Police and Secretary Bowie due to their failure to respond to the complaint in the instant case within the prescribed time period of 30 days."  Motion for Summary Judgment at 1. Jones also requests a meeting "as the optimum way of resolving this case while at the same time conserving judicial resources."  Request for Meeting at 1.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the plaintiff] could prevail, it should do so despite [his or her] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The Court, however, will not "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110.  "[P]ro se status does not excuse the obligation of any litigant

to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING RULE 12(b)(1)

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  Henry v. Office of Thrift Supervision, 43 F.3d 507, 511 (10th Cir. 1994)(citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); United States v. Nixon, 418 U.S. 683 (1974); Tafoya v. U.S. Dep't of Justice, Law Enf't Assistance Admin., 748 F.2d 1389, 1390 (10th Cir. 1984)).  A plaintiff generally bears the burden of demonstrating the court's jurisdiction to hear his or her claims.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998)("[T]he party invoking federal jurisdiction bears the burden of establishing its existence.").  Because "federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."  U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).  Rule 12(b)(1) allows a party to raise, by motion, the defense of the court's "lack of jurisdiction over the subject matter."  Fed. R. Civ. P. 12(b)(1).

The United States Court of Appeals for the Tenth Circuit has held that motions to dismiss for lack of subject-matter jurisdiction "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject-matter jurisdiction is based."  Ruiz v. McDonnell, 299 F.3d 1173, 1180 (10th Cir. 2002).  On a facial attack, a plaintiff enjoys safeguards similar to those provided in opposing a rule 12(b)(6) motion: the court must consider the complaint's allegations to be true.

See Ruiz v. McDonnell, 299 F.3d at 1180; Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir.),

cert. denied, 454 U.S. 897 (1981).  When the attack is factual, however,

> a district court may not presume the truthfulness of the complaint's factual
> allegations.  [*Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990)].  A
> court has wide discretion to allow affidavits, other documents, and a limited
> evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). *Id.*;
> *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986
> . . . (1987).  In such instances, a court's reference to evidence outside the pleadings
> does not convert the motion to a Rule 56 motion.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995).  See World Fuel Servs., Inc. v. Nambe

Pueblo Dev. Corp., 362 F. Supp. 3d 1021, 1086-87 (D.N.M. 2019)(Browning, J.); Alto Eldorado

Partners v. City of Santa Fe, No. CIV 08-0175 JB/ACT, 2009 WL 1312856, at *8-9 (D.N.M.

March 11, 2009)(Browning, J.), aff'd on other grounds by 634 F.3d 1170 (10th Cir. 2011).  The

United States Court of Appeals for the Fifth Circuit has stated:

> "[T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P.
> 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction -- its
> very power to hear the case -- there is substantial authority that the trial court is free
> to weigh the evidence and satisfy itself as to the existence of its power to hear the
> case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and
> the existence of disputed material facts will not preclude the trial court from
> evaluating for itself the merits of jurisdictional claims."

Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)(quoting Mortensen v. First Fed. Sav.

& Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).

When making a rule 12(b)(1) motion, a party may go beyond the complaint's

allegations to challenge the facts upon which jurisdiction depends and may do so by relying on

affidavits or other evidence properly before the court.  See New Mexicans for Bill Richardson v.

Gonzales, 64 F.3d 1495, 1499 (10th Cir. 1995); Holt v. United States, 46 F.3d 1000, 1003 (10th

Cir. 1995).  In those instances, a court's reference to evidence outside the pleadings does not

convert necessarily the motion to a rule 56 motion for summary judgment.  See Holt v. United States, 46 F.3d at 1003 (citing Wheeler v. Hurdman, 825 F.2d 257, 259 n.5 (10th Cir. 1987)). Where, however, the court determines that the jurisdictional issues a rule 12(b)(1) motion raises are intertwined with the case's merits, the court should resolve the motion under either rule 12(b)(6) or rule 56.  See Franklin Sav. Corp. v. United States, 180 F.3d at 1129; Tippett v. United States, 108 F.3d 1194, 1196 (10th Cir. 1997).  "When deciding whether jurisdiction is intertwined with the merits of a particular dispute, 'the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim.'"  Davis ex rel. Davis v. United States, 343 F.3d 1282, 1296 (10th Cir. 2003)(quoting Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324 (10th Cir. 2002)).  "When subject-matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case, the jurisdictional claim and the merits are considered to be intertwined."  Garcia v. United States, No. CIV 08-0295 JB/WDS, 2009 WL 1300938, at *9 (D.N.M. March 30, 2009)(Browning, J.)(citing Wheeler v. Hurdman, 825 F.2d at 259; Holt v. United States, 46 F.3d at 1003).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly").  While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a district court may dismiss a case sua sponte under rule 12(b)(6) "'when it is patently obvious that the plaintiff could not prevail on the facts alleged.'"  Andrews v. Heaton, 483 F.3d

1070, 1074 n.2 (10th Cir. 2007)(quoting <u>McKinney v. State of Okla., Dep't of Human Servs.</u>, 925

F.2d 363, 365 (10th Cir.1991)).  <u>See also</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>**LAW REGARDING 42 U.S.C. § 1983**</u>

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen
> of the United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a judicial officer
> for an act or omission taken in such officer's judicial capacity, injunctive relief shall
> not be granted unless a declaratory decree was violated or declaratory relief was
> unavailable . . . .

42 U.S.C. § 1983.  Section 1983 creates only the right of action, and it does not create any

substantive rights; substantive rights must come from the Constitution or from a federal statute.

<u>See</u> <u>Nelson v. Geringer</u>, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any

substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'"

(second alteration added by <u>Nelson v. Geringer</u>)(quoting <u>Ellis v. Univ. of Kan. Med. Ctr.</u>, 163 F.3d

1186, 1197 (10th Cir. 1998))).  Section 1983 authorizes an injured person to assert a claim for

relief against a person who, acting under color of state law, violated the claimant's federally

protected rights.  To state a claim upon which relief can be granted under § 1983, a plaintiff must

allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that

right acted under color of state law.  <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  The Court has

noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal
> Constitution or created by federal statute or regulation, (2) proximately caused
> (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance,

- 8 -

regulation, custom[,] or usage, of any State or Territory or the District of Columbia."

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp.2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States has clarified that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens[1] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at

1200.  It concluded that <u>Ashcroft v. Iqbal</u> did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."  <u>Dodds v. Richardson</u>, 614 F.3d at 1200. More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" <u>Dodds v. Richardson</u>, 614 F.3d at 1200-01 (quoting <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit used to illustrate this principle is <u>Rizzo v. Goode</u>, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.  <u>See</u> <u>Dodds v. Richardson</u>, 614 F.3d at 1200 (quoting <u>Rizzo v. Goode</u>, 423 U.S. at 371).  The Tenth Circuit notes that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'"  <u>Dodds v. Richardson</u>, 614 F.3d at 1200 (quoting <u>Rizzo v. Goode</u>, 423 U.S. at 371).

## ANALYSIS

Having carefully reviewed the Complaint, and the relevant law, the Court concludes: (i) that the Court does not have subject-matter jurisdiction over Jones' claims against the New Mexico State Police; (ii) to the extent that Jones states a claim against New Mexico State Police employees, the Court does not have subject-matter jurisdiction over Jones' claims against those individuals; and (iii) Jones does not state a claim against Bowie.  After notifying Jones that the Complaint does not demonstrate that the Court has jurisdiction over his claims against the New Mexico State Police and does not state § 1983 claims against Bowie, Magistrate Judge Khalsa

ordered Jones to file an amended complaint.  See Order at 3.  The Plaintiff's Response to Magistrate Judge Khalsa's Order, which the Court construes as an amended complaint, does not satisfy Jones' burden to show that the Court has jurisdiction to hear Jones' claims against the New Mexico State Police or its employees.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 104 (1998)("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."); U.S. ex rel. Hafter v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999)("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction.").

Jones' Response does not state § 1983 claims against the New Mexico State Police, its employees, or against Bowie, because there are no non-conclusory allegations showing that they violated a right secured under federal law.  See West v. Atkins, 487 U.S. 42, 48 (1988)(holding that, to state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law).  There are no factual allegations showing that Jones' letters contain only speech that the First Amendment of the Constitution of the United States of America protects and do not contain any true threats.  Jones does not plead sufficient facts to state a claim for violation of any federal rights.  There are no factual allegations regarding Bowie.  The Court, therefore, under rule 12(b)(1) of the Federal Rules of Civil Procedure, will dismiss without prejudice Jones' claims against the New Mexico State Police and against the New Mexico State Police employees for lack of subject-matter jurisdiction, and, under rule 12(b)(6), will dismiss with prejudice Jones' claims against Bowie for failure to state a claim upon which relief can be granted.  The Court, therefore, will deny Jones' Motion for Summary Judgment and Jones' Request for Meeting,

because the Court is dismissing Jones' claims against the New Mexico State Police, its employees, and Bowie.

**IT IS ORDERED** that: (i) Plaintiff John Paul Jones' claims against Defendant New Mexico State Police and its employees are dismissed without prejudice; (iii) Jones' claims against Defendant Secretary Bowie are dismissed with prejudice; (iii) the Motion for Summary Judgment, filed July 25, 2022 (Doc. 21), is denied; and (iv) the Renewed Request for a Meeting as well as the Determination of Service, filed August 26, 2022 (Doc. 25), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

John Paul Jones III
Albuquerque, New Mexico

    *Plaintiff pro se*